# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

\* \* \*

MARIA LOPEZ-HERRERA,

    Petitioner,

v.

WILLIAM BARR, et al.,

    Respondents.

Case No. 2:19-cv-01153-APG-NJK

**ORDER GRANTING TEMPORARY INJUNCTIVE RELIEF**

(ECF No. 3)

Petitioner Maria Lopez-Herrera has filed a 28 U.S.C. § 2241 petition challenging her custody during removal proceedings and seeking other relief. ECF No. 1. She also filed an emergency motion for stay of removal proceedings. ECF No. 3. Although it is questionable whether I have jurisdiction to grant any of the relief requested in the petition, Lopez-Herrera faces a likelihood of imminent irreparable harm if relief is not granted. I will therefore temporarily enjoin her removal proceedings pending briefing on the emergency motion.

A "federal court always has jurisdiction to determine its own jurisdiction." *United States v. Ruiz*, 536 U.S. 622, 628 (2002). Additionally, the court has the power to issue orders to maintain the status quo while it makes that determination. *See United States v. United Mine Workers of Am.*, 330 U.S. 258, 293 (1947) ("[T]he District Court had the power to preserve existing conditions while it was determining its own authority to grant injunctive relief.").

Lopez-Herrera is currently in custody pending immigration removal proceedings. ECF No. 1 at 1. A merits hearing before an Immigration Judge is currently scheduled to occur on Monday, July 8, 2019. ECF No. 3 at 1. Lopez-Herrera is also facing a trial for termination of her parental rights, although she has not identified the date of that trial. She asserts she will not be able to attend the hearing without court intervention due to Department of Homeland Security policy and practice. ECF No. 1 at 9. Lopez-Herrera has appealed and sought reconsideration of the decisions denying her bond, but no action has been taken with respect to either her appeals or

her motion for reconsideration. *See id.* at 6-8. Lopez-Herrera asserts that if removal proceedings are not stayed and a final order of removal is issued, both the Immigration Judge and possibly this court will be deprived of jurisdiction to order her release from custody, she may be removed from the country, and in either event she will be effectively precluded from attending the trial on the termination of her parental rights, which would very likely result in the permanent loss of custody of her children.

Clearly, Lopez-Herrera faces a likelihood of irreparable harm if I do not grant the relief requested. She may not only be removed from the country but also may be prevented from defending her parental rights in the state courts. In fact, the balance of hardships tips sharply in her favor, as an inability to defend her parental rights could result in the permanent loss of custody of her children. Lopez-Herrera has shown serious questions going to the merits of at least some of her claims. Finally, given the potential consequences in this action in the absence of injunctive relief, the public interest favors issuing a short stay of the removal proceedings while I sort out my jurisdiction in this case. *See Hernandez v. Sessions*, 872 F.3d 976, 996 (9th Cir. 2017) ("Generally, public interest concerns are implicated when a constitutional right has been violated, because all citizens have a stake in upholding the Constitution."); *Ms. L. v. U.S Immigration & Customs Enf't ("ICE")*, 310 F. Supp. 3d 1133, 1148 (S.D. Cal. 2018), *modified*, 330 F.R.D. 284 (S.D. Cal. 2019) ("[T]he constitutional liberty interest "of parents in the care, custody, and control of their children[,]" . . . "is perhaps the oldest of the fundamental liberty interests recognized by" the Supreme Court."). Comparatively, the respondents face little, if any, harm by the grant of a temporary stay. I therefore find the factors weigh in favor of granting Lopez-Herrera a temporary stay of her removal proceedings while her emergency motion for relief is briefed.

IT IS THEREFORE ORDERED that removal proceedings regarding Maria Lopez-Herrera shall be STAYED, and the respondents shall not deport or otherwise remove Ms. Lopez-Herrera pending further order of the Court.

IT IS FURTHER ORDERED that Lopez-Herrera's counsel shall serve the respondents with a copy of the emergency motion and this order as follows:

1. By hand delivering a copy of the emergency motion and this order to the United States Attorney for the District of Nevada or on an Assistant United States Attorney or clerical employee designated by the United States Attorney pursuant to Rule 4(i)(1)(A) of the Federal Rules of Civil Procedure **no later than 5:00 p.m. on Friday, July 5, 2019**;

2. By sending a copy of the emergency motion and this order by registered or certified mail to the Hon. William Barr, Attorney General of the United States, Department of Justice, 950 Pennsylvania Ave. NW, Washington, DC 20530; and

3. By sending a copy of the emergency motion and this order by registered or certified mail to the United States Department of Homeland Security, Washington, DC 20528.

IT IS FURTHER ORDERED that the respondents shall file a response to Lopez-Herrera's emergency motion to stay removal proceedings (ECF No. 3) on or before noon on Friday, July 12, 2019. Petitioner shall file any reply on or before noon on Friday, July 19, 2019.

DATED this 5th day of July, 2019.

ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE